

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-20-2004

# Everett v. Gould

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1849

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Everett v. Gould" (2004). *2004 Decisions.* Paper 807.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/807

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No.: 03-1849
_____

EARL EVERETT,

Appellant
v.

CHARLES B. GOULD, II;
MICHAEL J. POSSINGER;
MABEL BONSER; DAVE JOHNSON;
CHESTNUTHILL TOWNSHIP

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 01-cv-01299)
District Judge: Honorable Edwin M. Kosik

_____

Submitted Under Third Circuit LAR 34.1(a)
on February 10, 2004

Before: SCIRICA, Chief Judge, ROTH and MCKEE Circuit Judges

(Opinion filed : April 20, 2004)

_____

OPINION

_____


ROTH, <u>Circuit Judge</u>:

Earl Everett, former member of the Board of Supervisors and Roadmaster of Chestnuthill Township, Pennsylvania, appeals from a March 24, 2003, District Court decision which granted summary judgement in favor of the Township and two members of the Board, Charles B. Gould, II, and Mabel Bosner.

Everett was initially elected to the three member Board of Supervisors in November of 1980 and was appointed to the position of Roadmaster in 1997. However, while he had been reelected to the Board of Supervisors each year, in 1999 he lost the Republican Primary to defendant Gould. Moreover, Everett was not reappointed to the position of Roadmaster at the January 2000 Reorganization Meeting[1]. It is this non-reappointment that brings the parties before us.

The defendants here were also members of the Board of Supervisors. Gould was elected in 1989, lost his bid for reelection in 1996, but was subsequently reelected in 1999. Because Everett had supported Gould's opponents in both the 1989 and 1995

_____

[1]As Roadmaster, Everett was subject to removal at any time by the township supervisors. <u>See</u> 53 P.S. § 67301(e). According to the Second Class Township Code, a reorganization meeting must be held on the first Monday in January, at which appointments to positions such as Roadmaster may be made. <u>See</u> 53 P.S. § 65602(a) - (c).

elections, Everett believed Gould disliked him.

Defendant Bosner, in addition to holding the position of Supervisor, maintained a position at the local Garbage Transfer Station. However, Everett had a role in removing her from this position. Due to this role, Everett alleges that Bosner opposed his candidacy for Supervisor and has ever since wished to see Everett loose his Supervisor and Roadmaster positions.

On June 11, 2001, Everett filed suit in the Court of Common Pleas of Monroe County alleging that the decision not to reappoint him to the position of Roadmaster was in violation of his First Amendment right to free speech because he had "voiced his opinions of defendants Gould and Bosner" at the 1999 primary election. On July 11, 2001, the action was removed to the United States District Court for the Middle District of Pennsylvania.

We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291. The standard of review of the District Court's grant of summary judgement is plenary. Assaf v. Fields, 178 F.3d 170, 171 (3d Cir. 1999). In reviewing the District Court's decision, we must, upon reviewing the record as a whole, "draw all reasonable inferences in favor of the non-moving party" without weighing the evidence or making credibility determinations. Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150 (2000). If it appears that "there is no genuine issue as to any material fact and that the moving party is entitled to judgement as a matter of law," then we must affirm the District Court's

grant of summary judgment. Fed. R. Civ. P. 56(c).

In this appeal, Everett alleges that the District Court erred in determining that his termination as Roadmaster was not causally connected to his protected speech under the First Amendment with respect to defendant Bosner and that there was insufficient evidence to establish that defendant Gould's personal feelings caused him to retaliate against Everett for exercising his First Amendment rights. We disagree.

To set forth a viable retaliation claim, a plaintiff must establish that his conduct was constitutionally protected and that this conduct was a "substantial" or "motivating" factor in the defendants' decision not to rehire him. Mt. Healthy City School Dist. v. Doyle, 429 U.S. 274, 287 (1977). This decision instructs us that once the plaintiff has met this burden, defendants must show by a preponderance of the evidence that they "would have reached the same decision as to [plaintiff's] reemployment even in the absence of the protected conduct." Id. Moreover, to set forth a claim under 42 U.S.C. § 1983, a plaintiff must establish that a person, acting under the color of state law, deprived him of a constitutional right. As explained in Rodes v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988), "a defendant in a civil rights action must have personal involvement in the alleged wrongs... personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."

In viewing this record in the light most favorable to Everett, a reasonable fact finder could not conclude there was a violation of his First Amendment rights. With

4

respect to defendant Bosner, it is undisputed and the minutes reflect that she did not attend the supervisor's meeting on January 4, 2000, and did not cast a vote on the issue of Everett's reappointment. Consequently, she took no part in the decision not to reappoint Everett to the position of Roadmaster. Furthermore, Everett's allegation that Bosner's absence from the meeting was engineered is unsubstantiated in the record and is insufficient to establish a triable issue of material fact as the evidence does not indicate Bosner had personal involvement in the decision not to retain Everett.

As to Gould, Everett alleges that Gould voted against him for Roadmaster[2] due to the fact that Everett, a fellow Republican, had supported Democrats who ran against Gould in the 1989 and 1995 elections and that Everett lost to Gould in the 1999 Republican primary. However, Everett has put forth no evidence on Gould's motive beyond mere speculative assertions to support his allegations. As the non-moving party, Everett must produce evidence "sufficient to establish the existence of an element essential" to his case. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). This Everett has not done. The evidence may show an issue of fact as to whether Gould thought Everett should be more supportive as a fellow Republican, but it does not address the issue of motive. Because Everett could not point to any specific facts showing a genuine issue for trial, the District Court properly entered summary judgement in favor of Gould.

---

[2]The decision to replace Everett as Roadmaster required two votes. Bosner was absent and the two Supervisors present voted to replace him.

Moreover, the District Court properly concluded that, because there was no genuine issue of material fact with respect to the liability of defendants Bosner and Gould, there was no basis for imposing liability upon the Township. In order for there to be municipal liability under 42 U.S.C. § 1983, the plaintiff must plead and prove a violation of his Constitutional rights. Brown v. Commonwealth of Pennsylvania Dep't of Health Emergency Medical Services Training Inst., 318 F.3d 473, 482 (3d Cir. 2003). This Everett cannot do.

For the foregoing reasons, we will affirm the judgement of the District Court.